<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEYSTONE MOUNTAIN LAKES REGIONAL COUNCIL OF CARPENTERS AS SUCCESSORS TO NORTHEAST REGIONAL COUNCIL OF CARPENTERS, NORTHEAST CARPENTERS FUNDS AND THE TRUSTEES THEREOF<br><br>        Plaintiff,<br><br>v.<br><br>W DESIGNS INC.,<br><br>        Defendant. | Civil Action No. 22-02140 (SDW)(JBC)<br><br>**WHEREAS OPINION**<br><br>September 13, 2022 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant W Designe, Inc.'s[1] ("Defendant") Motion to Vacate Judgment confirming an arbitration award entered against Defendant and in favor of Plaintiff Keystone Mountain Lakes Regional Council of Carpenters as successors to Northeast Regional Council of Carpenters, Northeast Carpenters Fund and the Trustees Thereof ("Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1), 60(b)(4), and 60(b)(6), and this Court having reviewed the parties' submissions (D.E. 10, 12, 14); and

**WHEREAS** on April 13, 2022, Plaintiff filed a Petition and Motion to Confirm Arbitration Award pursuant to the Federal Arbitration Act, 9 U.S.C.A. §§ 9 and 13 ("FAA"), seeking to

---

[1] Defendant asserts that it was improperly named in this action as "W Designs Inc."

1

confirm an arbitration award issued on April 29, 2021 by J.J. Pierson, Esq. (the "Arbitration Award"), in a matter between Plaintiff and Defendant.  (D.E. 1, 2); and

**WHEREAS** the return date for Plaintiff's Motion to Confirm Arbitration Award was set for May 16, 2022.  Defendant submitted neither a timely Opposition Brief to Plaintiff's Motion to Confirm Arbitration Award nor a request for an extension of time to respond to Plaintiff's Motion to Confirm Arbitration Award prior to the Court's entry of an Order and Judgment on May 16, 2022 ("Judgment") confirming the Arbitration Award.  (D.E. 6, 7).  Accordingly, Plaintiff's Motion to Confirm Arbitration Award was deemed unopposed; and

**WHEREAS** Defendant moved to vacate Judgment pursuant to Rule 60(b), *inter alia*, on grounds that Defendant's failure to respond to the Petition and Motion to Confirm Arbitration Award was the result of excusable neglect.  (*See* D.E. 10–18 at 6–14.)  Defendant contends that it was not served with the Petition to Confirm Arbitration Award until May 12, 2022, which was ten days after the deadline for Defendant to file an Opposition Brief and two days after the deadline for Defendant to file a Reply Brief.  (D.E. 10–18 at 2.)  Defendant alleges that it was not personally served because service was effectuated by first class mail, return receipt requested.[2]  (D.E. 10–18 at 8.)  Defendant further contends that "[Defendant's] counsel appeared at the courthouse and attempted to file a Notice of Limited Appearance together with a request for an automatic adjournment on Monday, May 16, 2022, by providing both documents to the Court Clerk on the morning of Monday, May 16, 2022."  (D.E. 10–18 at 9–10.)  However, the Court entered Judgment on the return date, May 16, 2022.  (*Id.*)  As a result, Defendant asserts that the "improper service"

---

[2] Defendant contends that the Judgment is void under Rule 60(b)(4) because Plaintiff "did not serve W Designs or W Designe, Inc., a nonresident corporation, by the United States Marshals Service as the FAA requires."  (D.E. 10–18 at 8.)

of the Petition to Confirm Arbitration Award hindered Defendant from being able to request an automatic extension of time to respond or contest service of process.  (D.E. 10–18 at 10);

**WHEREAS** Rule 60(b)(1) provides that, on a motion to vacate, this Court is authorized to relieve a party from final judgment for reasons including: "(1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b).  "In determining whether a party who has missed a deadline is entitled to relief from dismissal because of 'excusable neglect,' a court must look at the totality of the circumstances." *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007) (citing *George Harms Construction Co., Inc. v. Chao,* 371 F.3d 156, 163 (3d Cir. 2004).  "When evaluating whether a party's neglect in prosecuting its case was 'excusable,' courts should consider 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (citing *Pioneer Investment Services v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  In addition, a party who seeks to set aside a judgment under Rule 60(b) must demonstrate that absent relief, an "'extreme' and 'unexpected' hardship will result." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977); and

**WHEREAS** under Rule 60(b)(4), a court must vacate a final judgment that is void regardless of the passage of time. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000).  Rule 60(b)(6) is a catch-all provision that exists "so that courts may 'vacate judgments whenever such action is appropriate to accomplish justice,' . . . in situations that are not addressed by the other five clauses of Rule 60(b)." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008) (quoting *Klapprott v. United States*, 335 U.S. 601, 614 (1949)); and

**WHEREAS** Defendant has made a showing that its motion should be granted under Rule 60(b)(1).  First, Plaintiff has not demonstrated that it would be prejudiced if the Judgment is vacated, as the length in delay here was minimal.  (*See generally* D.E. 12.)  Second, Defendant provides an explanation as to why it did not timely respond to the Petition and Motion to Confirm Arbitration in this matter: (1) Defendant was not personally served with the Petition to Confirm Arbitration; (2) Defendant was improperly named in this action; (3) Defendant received the Petition to Confirm Arbitration ten days after the deadline for Defendant to file an Opposition Brief and two days after the deadline for Defendant to file a Reply Brief; and (4) Defendant's "attempt" to file a Notice of Limited Appearance together with a request for an automatic adjournment in person at the Court on Monday, May 16, 2022 was unsuccessful.  (*See generally* D.E. 10–18.)  This Court does not have a basis to find Defendant's delay to be made in bad faith.  In sum, the totality of circumstances in this matter demonstrates that there is good cause to vacate the entry of Judgment.[3]

Defendant's Motion to Vacate Judgment will be **GRANTED**.  An appropriate order follows.

                                                 /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     James B. Clark, III, U.S.M.J.
         Parties

---

[3] The Court vacates only the entry of the Order and Judgment entered by this Court on May 16, 2022. (D.E. 6, 7).  On this motion to vacate Judgment, the Court need not address the merits of the issues raised in connection with the Arbitration Award.